## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

KENNETH KISSELBURG,                    )
                                       )
      Plaintiff,                    )
                                       )
vs.                                    )     Case No. CIV-05-0715-F
                                       )
AAR ALLEN GROUP, INC.,                 )
                                       )
      Defendant.                    )

## ORDER

Defendant AAR Allen Group, Inc.'s "Motion to Dismiss on the Pleadings," filed July 15, 2005, is before the court (doc. no. 15).  Because an answer has previously been filed, AAR moves under Fed. R. Civ. P. 12(c).  Plaintiff Kenneth Kisselburg has responded to the motion, defendant has replied, and the motion is ready for determination.

Mr. Kisselburg alleges four counts in his petition, two of which arise under federal law and two of which arise under state law.  The federal claims allege violation of 29 U.S.C. § 660(c), the Occupational Safety and Health Administration's anti-retaliation provision (count two of the petition), and violation of 49 U.S.C. §42121, the Airline Deregulation Act's anti-retaliation provision known as the Whistleblower Protection Program Amendment (count four of the petition).  Having removed this action to this court based on the presence of these federal claims,  Defendant AAR now moves to dismiss these claims on the ground that the respective federal statutes do not create a private right of action.

The same standard applies to the court's evaluation of a motion for judgment on the pleadings as applies to an evaluation of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  2 Moore's Federal Practice, § 12.38 at n.6 (Matthew

Bender 3d ed.).  The standard for evaluating a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) is well established.   Courts must accept as true all well-pleaded facts and view those facts in the light most favorable to the non-moving party. Sutton v. Utah State Sch. for Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). The court must construe the plaintiffs' allegations liberally because the rules require only general or notice pleading rather than detailed fact pleading so as to do substantial justice.  United States v. Uvalde Consol. Indp. Sch. Distr., 625 F.2d 547, 549 (5th Cir. 1980).  A claim should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him or her to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

### 1.  OSHA Claim

Mr. Kisselburg's OSHA claim is brought under 29 U.S.C. § 660.  Paragraph 16 of the petition alleges that AAR violated subsection (c) of §  660.  Subsection (2) of § 660(c) provides as follows:

> Any employee who believes that he has been discharged or otherwise discriminated against by any person in violation of this subsection may, within thirty days after such violations occur, file a complaint with the Secretary alleging such discrimination.  Upon receipt of such complaint, the Secretary shall cause such investigation to be made as he deems appropriate.  If upon such investigation, the Secretary determines that the provisions of this subsection have been violated, he shall bring an action in any appropriate United States district court against such person.  In any such action the United States district courts shall have jurisdiction, for cause shown to restrain violations of paragraph (1) of this subsection and order all appropriate relief including rehiring or reinstatement of the employee to his former position with back pay.

Courts that have addressed the question of whether a federal right of action exists under this OSHA anti-retaliation provision have decided that it does not.  Taylor

v. Brighton Corp., 616 F.2d 256 (6th Cir. 1980) involved former employees who alleged that they were discharged in retaliation for reporting safety violations. After a lengthy discussion regarding the language of the statute and its legislative history, Taylor held that the statute did not create a private right of action. *Id*. at 264. The Fifth Circuit reached the same conclusion in George v. Aztec Rental Center, Inc., 763 F.2d 184, 187 (5th Cir. 1985).

The court agrees with AAR that § 660 does not create a private cause of action. Additionally, the court finds that Mr. Kisselburg has confessed AAR's motion to dismiss his OSHA claim by failing to respond to AAR's argument on this point. *See*, LCvR7.2(f) (any motion not opposed within 18 days may, in the discretion of the court, be deemed confessed). For these reasons, the court concludes that AAR is entitled to dismissal of Mr. Kisselburg's OSHA claim for failure to state a claim.

## 2. Airline Deregulation Act Claim

AAR moves for dismissal of Mr. Kisselburg's Airline Deregulation Act claim on the ground that there is no private cause of action created by the Whistleblower Protection Program Amendment to the Airline Deregulation Act, 49 U.S.C. § 42121.

The Airline Deregulation Act prohibits discrimination against employees of air carriers and their contractors when employees report violations of an air safety regulation. Pursuant to § 42121, employees who believe they have been discriminated against for whistleblowing have the right to file a complaint with the Secretary of Labor within 90 days of the violation. 29 U.S.C. § 42121(b)(1). The Secretary must then investigate the allegations and make findings. Section 42121(b)(2). The Secretary is authorized to grant full relief, including reinstatement with back pay and compensatory damages and including affirmative action to abate violations. Section 42121(b)(2),(3). An employee or employer who objects to the Secretary's findings ultimately has a right to review in the Court of Appeals. Section 42121(b)(4).

The ADA provides a detailed administrative scheme for investigation and resolution of claims. There is no suggestion in the statute that it creates a private cause of action in the district courts and none of the cases cited by Mr. Kisselburg hold otherwise. The court concludes that AAR is entitled to dismissal of plaintiff's Airline Deregulation Act claim.

### 3. Remaining Claims

Having found that AAR is entitled to dismissal of both of Mr. Kisselburg's federal claims, the only claims remaining in this action are state law claims, that is, Mr. Kisselburg's wrongful discharge claim alleged in count one and his intentional infliction of emotional distress claim alleged in count three.[1] These state claims are better suited to determination in state court, and this court therefore declines to exercise supplemental jurisdiction over them. *See*, 28 U.S.C. § 1367(3).

### Conclusion

Having carefully considered the parties' submissions, the pleadings and the relevant legal authorities, the court rules as follows.

Defendant AAR Allen Group, Inc.'s motion for judgment on the pleadings is **GRANTED** to the following extent. The federal claims alleged in counts two and four are **DISMISSED** for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b), (c). This action is **REMANDED** to the District Court of

---

[1]Defendant indicates an intention to eventually argue that plaintiff's state whistleblower claims are preempted. (Reply brief, unnumbered p.1, n.1). Defendant has not suggested that there is complete preemption here of that type which could support removal jurisdiction absent federal claims on the face of the petition. Moreover, defendant did not remove this case based on any preemption argument. Therefore, the court does not believe it is necessary to address the issue of how any as yet unasserted preemption defense might affect the court's federal question removal jurisdiction. The merit of any preemption defense will presumably be determined by the state court to which the state claims are being remanded, and nothing stated in this Order is intended to affect the state court's disposition of that issue. If either party disagrees with this approach, they may move for reconsideration of this Order within five business days, stating their reasons. The remand of state claims ordered in this ruling is stayed until further notice.

Oklahoma County, the state district court from which it was removed, for disposition of the remaining claims; however, this remand is temporarily **STAYED**.  *See*, n.1, *supra*.

Dated this 31st day of August, 2005.

_____

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0715p005(pub).wpd